UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-61993-CMA

Brickell Chiropractic Center, Inc., et . al,

    Plaintiff(s),
v.

Diagnostic Center of America Inc,

    Defendant(s.
_____/

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant, Diagnostic Center of America Inc, by and through undersigned counsel, hereby moves to dismiss the Complaint filed by Plaintiff Brickell Chiropractic Center, Inc. for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for reasons stated in the following Memorandum of Law:

**MEMORANDUM OF LAW**

**INTRODUCTION**

Plaintiff attempts to represent a class action, alleging violation of the Telephone Consumer Protection Act and a common law claim for conversion. Plaintiff's Complaint should be dismissed because it does not present an actual case or controversy as required by Article III of the U.S. Constitution. Defendant has served an offer of judgment pursuant to Federal Rule of Civil Procedure 68 that offers Plaintiff the maximum statutory damages and injunctive relieve sough tin the Complaint, together with its costs. Due to being offered full relief, Plaintiff does not have standing to pursue this litigation, either in its individual capacity or on behalf of an uncertain,

purported class of unnamed plaintiffs. Because Defendant is giving Plaintiff everything it seeks in its claim against them, this cause does not present a live case or controversy, as for subject matter jurisdiction. Therefore, the Court should dismiss the Complaint.

## FACTUAL BACKGROUND

Plaintiff Brickell Chiropractic Center, Inc. has filed a class action complaint against Defendant Diagnostic Center of America, Inc., alleging a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and a claim for common law conversion. The claims arise out of four faxes that Plaintiff alleges Defendant transmitted on October 25, 2018, October 26, 2018, October 29, 2018, and April 6, 2020. Complaint Exhibits A, B, C, and D. Plaintiff alleges that it is entitled to the maximum statutory amount of $500.00 available under Section 227(b)(3)(B) of the TCPA for the four faxes. Id. at pgs. 10-16. Plaintiff further requests that, should the Court determine that Defendant acted willful and knowingly, Plaintiff's damages will be trebled to $1,500.00 for each fax pursuant to Section 227(b)(3)(C) of the TCPA. Id. at ¶ 78.

Prior to filing this Motion, Defendant served Plaintiff with an Offer of Judgment, pursuant to which Defendant agreed to the following: 1) all judgment to be entered against it for six thousand dollars ($6,000.00); 2) all reasonable costs incurred by Plaintiff, to be decided by the court; 3) entry of a stipulated injunction enjoining Defendant from any future violation of 47 U.S.C. § 227; and 4) any other relief which the Court determines to be necessary to fully satisfy all of the individual claims of Plaintiff. See attached Exhibit A. Therefore, the Offer of Judgment provide Plaintiff with the full relief requested in the Complaint.

## ARGUMENT

I.      **LEGAL STANDARD**

"Article III of the United States Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Swann v. Sec'y of Georgia, 668 F.3d 1285, 1288 (11th Cir. 2012) (citation and quotations omitted). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1377 (11th Cir 1997)). "An actual controversy must be extant at all stage sof review, not merely at the time the complaint is filed." Genesis Healthcare Corp. v. Smymczyk, -- U.S. --, 133 S. Ct. 1523, 1528 (2013) (internal quotations omitted). A court case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Al Najjar, 273 F.3d at 1335-36 (quoting Powell v. McCormack, 384 U.S. 486, 496 (1969)). A moot case "cannot present an Article III case or controversy," and "the federal courts lack subject matter jurisdiction to entertain it." Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005) (quoting Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1327 (11th Cir. 2004)). "It is the plaintiff's burden to show that a court has subject matter jurisdiction over his or her claims." Telemax Entm't, Inc. v. Telemundo Network, Inc., Case No. 04-20150-CIV-GRAHAM, 2004 WL 3019373, at *2 (S.D. Fla. Dec. 16, 2004) (citations omitted).

Federal Rule of Civil Porcedure 68 provides that, at least fourteen days before trial, a defending party may serve a plaintiff with an offer to allow a judgment on specified terms. Fed.R.Civ.P. 68(a). Whether or not the plaintiff accepts the offer, "generally, an offer of judgment providing the plaintiff with the maximum allowable relief will moot the plaintiff's FDCPA claim." Moten v. Broward Cnty., No. 10-62398-CIV, 2012 WL 526790, at *2 (S.D.Fla. Feb. 16, 2012) (quoting Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008)); see also Mackenzie v. Kindred Hosp. E., LLC, 276 F. Supp. 2d 1211, 1218-19 (M.D. Fla. 2003) (dismissing FLSA claim as moot

after plaintiff rejected Rule 68 offer where offer exceeded amount plaintiff could have received at trial); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D. N.Y. 2000) (same). Therefore, "Rule 68 offers can be used to show that the court lacks subject matter jurisdiction." Pollock v. Bay Area Credit Serv., LLC, No. 08–61101–CIV, 2009 WL 2475167, at *5 (S.D.Fla. Aug.13, 2009); see also Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012, 1015 (7th Cir.1999) (offer of judgment that encompasses the relief claimed "eliminates a legal dispute upon which federal jurisdiction can be based," because "[y]ou cannot persist in suing after you've won"). In order to qualify as an offer of full relief, however, it must include an offer to have judgment entered against the defendant. See Zinni v. ER Solutions, Inc., No. 11–12413, 2012 WL 3641911 (11th Cir. Aug.27, 2012).

In Genesis, the U.S. Supreme Court considered whether in a Fair Labor Standards Act collective action, the plaintiff's claim "remained justiciable" once the plaintiff's induvial claim became moot. Id. at 1529. The Genesis Court assumed, without deciding, that "an offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot." Id. at 1528-29. The Court then held that when the "individual claim became moot," the class action became moot because the plaintiff "lacked any personal interest in representing others in this action." Id. at 1529.

The same principle was upheld in the Eleventh Circuit. "In a class action, the claim of the named plaintiff, who seeks to represent the class, must be live both at the time he brings suit and when the district court determines whether to certify the putative class." Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987). If the named plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot. See id. (holding that the named plaintiff's putative class claim on behalf of incarcerated juveniles was moot where, when plaintiff sought class certification, he was no longer a juvenile). Therefore, when a defendant serves an offer of judgment for the full relief requested by the plaintiff, the plaintiff's claim is moot, and the

putative class action should be dismissed. See Damasco, 662 F.3d at 896 ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limit of federal jurisdiction expressed in Article III"); Tucker, 819 F.2d at 1035 (holding that complaint should be dismissed where plaintiff "did not move the court to certify his class as a class until after his equitable claim had become moot"); Krzykwa, 2012 WL 6965716, at *5 ("Phusion's offer to settle Plainitffs' claims in full, which Phusion made before Plaintiffs moved to certify the class, render Plaintiffs' claims moot.").

**II.     BECAUSE DEFENDANT HAS OFFERED PLAINIFF THE FULL AND COMPLETE RELIEF SOUGHT IN THIS CASE, ITS CLAIM IS MOOT, AND THERE IS NO SUBJECT MATTER JURISDICTION OVER ITS COMPLAINT.**

The Complaint should be dismissed because Defendant's Offer of Judgment in this case renders Plaintiff's claim moot. The terms of the Offer of Judgment are clear that they provide Plaintiff with the full relief requested in the Complaint. Plaintiff's Complaint requests an award of statutory damages, costs, and an injunction. The Offer of Judgment offers Plaintiff the sum of $6,000.00, an award of costs, an injunction, and all other relief necessary to satisfy Plaintiff's individual claim. Because Defendant has offered Plaintiff complete relief for its TCPA claim, it does not have Article III standing and its claim are moot. Without a personal stake in the litigation, Plaintiff cannot represent the putative class alleged in the Complaint. For these reasons, the Complaint should be dismissed.

**III.    BECAUSE THE FEDERAL CLAIMS LACK STANDING, THE SUPPLMENTAL CONVERSION CLAIM SHOULD BE DISMISSED.**

Because Plaintiff's TCPA claim is moot, the Court no longer has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. As a result, the Court should decline to exercise supplement jurisdiction over Plaintiff's state law claim of conversion. Baggett v. First Nat'l Bank

of Gainsville, 117 F.3d 1342, 1352 (11th Cir. 1997) (dismissing state law claims). Even though dismissal of an underlying federal question claim does not automatically deprive a court of supplemental jurisdiction, "§ 1367(c) permits a court to dismiss any state law claims where the court has dismissed all claims over which it had original jurisdiction." Baggett, 117 F.3d at 1352. In this case, because Defendant made an Offer of Judgment over the TCPA claim, it is moot, and this Court should decline to exercise supplemental jurisdiction over the state law conversion claim.

## IV. THE CONVERSION CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE THE DAMAGES ARE NEGLIGIBLE.

Count II of the complaint should be dismissed for failure to state a claim upon which relief may be granted. Courts are instructed to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is axiomatic that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. When evaluating whether a complaint states a plausible claim for relief, the courts are instructed "to draw on [their] judicial experience and common sense." Id. With that in mind, courts "need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party." Response Oncology, Inc. v. MetraHealth Ins. Co., 978 F. Supp. 1052, 1058 (S.D. Fla. 1997); see also Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal.")

Count II of the Complaint should be dismissed because to prevail on a conversion claim, "a plaintiff must allege that a defendant intentionally exercised dominion or control over chattel, which 'so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel!" Neurocare Inst. of Cent. Fla., P.A. v. Healthtap, Inc., 8 F. Supp. 3d 1362, 1368 (M.D. Fla. 2014) (quoting Restatement (Second) of Torts § 222A). Furthermore, in Neurocare the Plaintiff alleged that the defendant Healthtrap "converted fax machines, toner, paper and employee time when printing the faxes." Id. However, the court dismissed the conversion claim and reasoned that "[because the alleged interference is not serious, major, or important, the complaint fails to state a conversion claim. Even if the interference suffered by the more than 39 putative class members is aggregated, it would still be insignificant."

Here, the Plaintiff is also alleging the conversion of fax machines, paper, toner and employee time based on the receipt of four unsolicited faxes. Even if true, the this does not cause an interference that would require the payment of the full value of the chattel and any interference is not serious, major, or important. Therefore, like in Neurocare the complaint fails to state a conversion claim and should be dismissed with prejudice.

DATED: December 1, 2022

Respectfully submitted,
**GALLARDO LAW OFFICE, P.A.**
8492 Southwest 8th Street
Miami, Florida 33144
T: (305) 261 – 7000

By: */s/Maria Vargas*
Maria Vargas-mejia-ricart, Esq.
Florida Bar No. 1019003
E: maria.vargas@gallardolawyers.com

*/s/Paul Agbeyegbe*
Paul Agbeyegbe, Esq.
Florida Bar No. 121458
E: paul.agbeyegbe@gallardolawyers.com

*Counsel for Defendant Diagnostic Center of America Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 1st day of December 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF and/or via electronic mail for those counsel that receive Notices of Electronic Filing generated by CM/ECF

**BOCK HATCH & OPPENHEIM, LLC**
**Phillip A. Bock, Esq.**
*820 w. 41ST Street*
*#305*
*Miami Beach, Florida 33140*
*Email: phil@classlawyers.com*
*service@classlawyers.com*

**Exhibit "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-cv-61993-CMA

Brickell Chiropractic Center, Inc., et . al,

    Plaintiff(s),

v.

Diagnostic Center of America Inc,

    Defendant(s.

_____/

**DEFENDANT'S OFFER OF JUDGMENT TO**
**BRICKELL CHIROPRACTIC CENTER, INC**

TO: Phillip A. Bock
c/o Bock Hatch & Oppenheim, LLC
820 West 41 Street #300
Miami Beach, Florida 33140
phil@classlawyers.com
service@classlawyers.com

    Pursuant to Rule 68 of the Federal Rules of civil Procedure, Defendant, Diagnostic Center of America Inc., hereby offers to allow judgment to be entered against it in this action in the amount of SIX THOUSAND DOLLARS AND NO CENTS ($6,000.00) as well as all reasonable costs incurred to date by Brickell Chiropractic Center, Inc. to be decided by the Court, and entry of a stipulated injunction enjoining the Defendant from any future violation of 47 U.S.C. 227. The offer extended herein is intended to fully satisfy the individual claims of Brickell Chiropractic Center, Inc., made in this action or which could have been made in this action, and to the extent the offer extended does not do so, Defendant Diagnostic Center of America Inc., hereby offers to provide Brickell Chiropractic Center, Inc., with any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of Brickell Chiropractic Center, Inc., in the

action. This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68 and is not to be construed as either an admission that Defendant, Diagnostic Center of America, Inc., is liable in this action, or that the Plaintiff, Brickell Chiropractic Center, Inc., has suffered any damage. This Offer of Judgement shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs. The Plaintiff must serve written acceptance of this officer within fourteen (14) days, or this offer will be deemed rejected.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished by electronic mail (email) on this 30th day of November, 2022, at the designated email address of phill@classlawyers.com and service@classlawyers.com; and will be mailed by U.S. Mail to Phillip A Bock, Esq at Bock Hatch & Oppenheim, LLC., 820 West 41 Street #300, Miami Beach, Florida 33140 on December 1st, 2022.

**GALLARDO LAW FIRM, P.A.**
*Attorney(s) for Defendant*
*8492 SW 8th Street*
*Miami, Florida 33144*
*Telephone: (305) 261-7000*

By: /s/ Maria Vargas-Mejia-Ricart
Maria Vargas-Mejia-Ricart, Esq.
Florida Bar No. 1019003
Email: civil@gallardolawyers.com;
María.vargas@gallardolawyers.com and
efiling@gallardolawyers.com

and

By: /s/ Paul Agbeyegbe
Paul Agbeyegbe, Esq.
Florida Bar No. 121458
Email: civil@gallardolawyers.com;
paul.agbeyegbe@gallardolawyers.com
efiling@gallardolawyers.com